## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ISHMAEL BURK<br>600 Bath Street<br>Bristol, PA 19007 | : | |
| | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | CASE NO.: |
| v. | : | |
| | : | |
| REDNER'S MARKETS, INC. d/b/a | : | **JURY TRIAL DEMANDED** |
| LEVITTOWN FRESH MARKET | : | |
| 1361 Lincoln Highway | : | |
| Levittown, PA 19056 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Ishmael Burk, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff initiates this action against Redner's Markets, Inc. d/b/a Levittown Fresh Market (hereinafter referred to as "Defendant") to redress violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, et seq.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Americans with Disabilities Act, as amended ("ADA" – 42 USC §§ 12101, et seq.), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend his complaint to include mirroring claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arises out of the same common nucleus of operative facts as his federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

**PARTIES**

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult who resides at the above-captioned address.

7.      Defendant is a privately held company based in Pennsylvania operating a chain of grocery stores throughout Pennsylvania and other states in the United States of America.

8.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     On or about June 5, 2024, Defendant hired Plaintiff as an Overnight Stock Clerk.

11.     During the relevant time period, he was supervised by Store Director, Dakota Loose ("Loose" - Caucasian), Supervisor, Nick Belyung ("Belyung" - Caucasian), and Lead Kyle (last name unknown) ("Kyle" - Caucasian).

12.     During his employment with Defendant, Plaintiff was a hard-working employee, who performed his job well.

## -Race Discrimination-

13.     Plaintiff is an adult African American male.

14.     The majority of Defendant's management are Caucasian.

15.     During Plaintiff's employment, he was talked to in a rude and condescending manner from Defendant's management, especially by Kyle, compared to Defendant's Caucasian employees.

16.     Defendant's management also targeted Plaintiff with disparate hostility compared to how other Caucasian employees were treated with relation to leave benefits (*discussed further infra*), shift assignments, and general decorum.

17.     In or about September/October 2024, Kyle called Plaintiff a "boy" and told him that he needed to "obey him" during their shift.

18.     Kyle made these comments on approximately five different occasions leading to Plaintiff's abrupt termination (*discussed further infra*).

19.     Kyle did not call other Caucasian employee's "boy," and Plaintiff never observed him speak to other employees in the same rude tone he spoke to him, or ever tell other Caucasian employees they needed to "obey him."

20.     Kyle's harassing treatment of Plaintiff only escalated over the course of Plaintiff's last two months of employment and was so deleterious that it affected Plaintiff's well-being every time he was around Kyle.

21.     In early-October 2024, Plaintiff complained of race discrimination to Loose, informing him that Kyle had called him "boy" because he was African American and that Kyle treated him worse compared to all of his Caucasian colleagues, and that he wanted the discriminatory behavior to stop.

22.     Rather than properly address his complaints of discrimination, upon information and belief, Loose never spoke to Kyle about his complaints, but instead, abruptly terminated Plaintiff on or about October 20, 2024.

23.     Defendant  terminated Plaintiff only a few weeks after Plaintiff complained of race discrimination.

## -Disability Discrimination-

24.     Plaintiff has and continues to suffer from several ADA-qualifying disabilities, including but not limited to post-traumatic stress disorder ("PTSD"), anxiety, depression, and panic disorder (among other associated complications).

25.     Plaintiff advised Defendant's management, including Loose, of his disabilities at the start of his tenure with Defendant.

26.     As a result of these aforementioned conditions, Plaintiff suffers from flare ups, which (at times) limits his ability to perform some daily-life activities such as breathing, concentrating, and working.

27.     Despite Plaintiff's aforesaid health conditions and limitations, he was still able to perform his job duties with Defendant well; however, he (at times) required some reasonable medical accommodations.

28.     For example, each time Plaintiff suffered a flare up that precluded him from working, he would advise Defendant's management of the same and request time to take off from work, whether it was leaving early after starting a shift, or asking off in advance on a scheduled shift.

29.     In accordance with Defendant's policy and the instructions provided to Plaintiff for calling off, Plaintiff always called Defendant's management when he had to miss work due to his disabilities and would advise Defendant's management that he was missing work due to a flare up with his disabilities.

30.     If Defendant's management requested Plaintiff provide medical documentation to support his need to miss work, Plaintiff provided the same.

31.     In or about September 2024, and after calling off work a few times due to his known disabilities, Loose advised Plaintiff that his work hours were being reduced from approximately thirty-five (35) hours per week to just eight hours per week, or one shift per week.

32.     When Plaintiff asked why his hours were being reduced, Loose advised it was because he could not rely on Plaintiff.

33.    Plaintiff complained that he did not want his hours reduced, and that the only reason he infrequently had to miss any time from work was due to his disabilities and that he always advised Defendant's management of the same.

34.    Regardless, Loose reduced Plaintiff's hours significantly and Plaintiff never regained the hours per week he previously worked throughout the remainder of his employment.

35.    Shortly thereafter, Defendant terminated Plaintiff on or about October 20, 2024.

36.    When Plaintiff asked Loose why he was terminated, Loose informed him it was because of his "lack of confidence" in Plaintiff's ability to commit to work, directly referencing Plaintiff's need to utilize accommodations in the form of missing work due to his disabilities.

37.    Therefore, Plaintiff believes and avers that he was subjected to a hostile work environment due to his race and terminated as a result of his: (1) race; (2) actual/perceived/record of health conditions and disabilities; (3) requests for reasonable medical accommodations (*i.e.,* leave from work); and (4) his expressed concerns of unfair treatment as a result of his race, disabilities, and/or need for accommodations.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
**([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

38.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.    During Plaintiff's employment with Defendant, he was subjected to discrimination in the form of racially offensive comments and derogatory and disparate treatment because of his race and his objections to/complaints of race discrimination.

40.    Defendant's discriminatory and disparate treatment occurred repeatedly and escalated in severity towards the end of Plaintiff's employment and amounted to a hostile work environment.

41.    Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Defendant's management ignored them and left his legitimate concerns unresolved.

42.    Shortly following his complaint of race discrimination, Plaintiff was abruptly terminated on or about October 20, 2024.

43.    Plaintiff believes and therefore avers that he was subjected to a hostile work environment and retaliation because of his race and his objections to/complaints about race discrimination.

44.    Plaintiff also believes and therefore avers that his race was a motivating and determinative factor in his termination from Defendant.

45.    Defendant's unlawful actions constitute violations of Title VII.

**COUNT II**
**Violations of Section 1981 of the Civil Rights Act of 1866 ("Section 1981)**
**([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

46.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.    Plaintiff reasserts each and every allegation from Count I of this Complaint as such constitutes identical violations of Section 1981.

**COUNT III**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Disability Discrimination; [2] Failure to Accommodate; and [3] Retaliation)**

48.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities, including but not limited to breathing, concentrating, and working (among other daily life activities).

50.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to time off from work to treat his disabilities.

51.     Plaintiff was subjected to hostility and animosity through pretextual admonishment and disparate and discriminatory treatment as a result of his aforementioned health conditions and requested accommodations and/or his objections to/complaints of disability discrimination.

52.     Instead of investigating Plaintiff's aforesaid complaint of disability discrimination, Defendant's management ignored it and left his legitimate concerns unresolved.

53.     Plaintiff was terminated from Defendant on or about October 20, 2024, for completely pretextual reasons (*as discussed supra*).

54.     Defendant failed to properly accommodate Plaintiff by terminating him in part for requesting leave from work to for and treat his aforementioned disabilities.

55.     Plaintiff believes and therefore avers that he was subjected to discrimination and retaliation by Defendant because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and (4) Defendant's failure to properly accommodate his health conditions.

56.     Plaintiff further believes and therefore avers that his actual/perceived/record of health conditions were motivating and determinative factors in the termination of his employment by Defendant.

57.     Defendant's unlawful actions constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policies, practices, or custom(s) of discriminating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation/interference and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By:    _____
Ari R. Karpf
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
(215) 639-4970 fax
akarpf@karpf-law.com

Dated: June 19, 2025

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ishmael Burk | : | CIVIL ACTION |
| v. | : | |
| Redner's Markets, Inc. d/b/a Levittown Fresh Market | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                             (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                      (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                         (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (x )

| | | |
|---|---|---|
| 6/19/2025 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same   Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated
action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications
beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or
federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory
judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the
money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a
violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BURK, ISHMAEL | REDNER'S MARKETS, INC. D/B/A LEVITTOWN FRESH MARKET |

**(b)** County of Residence of First Listed Plaintiff **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / **IMMIGRATION** | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 540 Mandamus & Other / ☐ 462 Naturalization Application | | | |
| | ☐ 448 Education / ☐ 550 Civil Rights / ☐ 465 Other Immigration Actions | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of the ADA, Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE 6/19/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____